IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JOSHUA ALFORD, *

    Plaintiff, *

vs. *

                                          CASE NO. 4:10-CV-38 (CDL)

COLUMBUS, GEORGIA CONSOLIDATED *
GOVERNMENT, *et al.*,
                                 *

    Defendants.
                                   *

O R D E R

Plaintiff, a former employee of the Columbus Consolidated Government, alleged in his Complaint that Defendants violated Plaintiff's constitutional rights by terminating his employment for viewing pornography on a City computer while at work, though other City employees were not disciplined for similar misconduct. The Court dismissed Plaintiff's Complaint for failure to state a claim. Order, *Alford v. Columbus Consol. Gov't*, No. 4:10-CV-38 (CDL), 2010 WL 4048324 (M.D. Ga. Oct. 14, 2010). The Court observed that Defendants' Motion for Sanctions (ECF No. 9) deserved serious consideration and ordered Plaintiff's attorney, Mr. Ronald Iddins, to show cause why sanctions should not be imposed under Federal Rule of Civil Procedure 11. *Id.* at *8.

The Court held a hearing on the Motion for Sanctions. During the hearing, Mr. Iddins argued that sanctions are not warranted because a "class of one" Equal Protection claim should be permitted

in the public employment context, despite the clear ruling in *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 594 (2008). Mr. Iddins failed to distinguish *Engquist* in any meaningful way, and the Court finds that the rationale of *Engquist* does apply in this case. Therefore, and for the reasons set forth in the Court's previous Order dismissing Plaintiff's Complaint, the Court finds that Plaintiff's claims were not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Accordingly, Defendants' Motion for Sanctions (ECF No. 9) is granted.

Defendants' counsel submitted an affidavit setting forth the attorneys' fees incurred in defending this action, and the Court has reviewed it. Curiously, Defendants do not seek reimbursement of the entire amount of their expenses. Defendants' counsel suggested that an award of $2,500.00 would be appropriate to send a message that such claims should be seriously considered before a legal action is filed. The Court finds that under the circumstances in this case, an award of $500.00 will be a sufficient sanction to accomplish the purposes of Rule 11. Accordingly, Mr. Iddins shall submit to Defendants' counsel within fourteen days of today a check in the amount of $500.00 made payable jointly to the City of Columbus and Defendants' counsel.

IT IS SO ORDERED, this 22nd day of November, 2010.

                                      <u>S/Clay D. Land</u>
                                            CLAY D. LAND
                                   UNITED STATES DISTRICT JUDGE